UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY JOHNSON and JOHNSON COMPANY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| LEE SPINO, ASSURANCE AGENCY, LTD., DENNIS LYON a/k/a Dan Lyon, Dennis Robert Lyon, Dennis J. Lyon, R. Dennis Hanson, R. Hanson, Robert Hanson, Dennis R. Lyon and Joe Lyon, and DANIEL LYON, | ) ) ) ) ) ) ) ) CASE NO. 1:06-cv-1289-DFH-TAB |
| Defendants. | ) |

ENTRY ON LYONS DEFENDANTS' MOTIONS TO DISMISS

Plaintiffs Gary Johnson and Johnson Company, Inc. have sued several defendants for fraud and breach of contract in this suit under the court's diversity jurisdiction. As alleged in the first amended complaint, the claims arise from plaintiffs' efforts to obtain surety bonds that would satisfy the Indiana Department of Transportation (INDOT) for some contract work that plaintiffs sought through competitive bidding. Plaintiffs allege that defendant Spino, acting as an agent of Assurance Agency, Ltd., misled him and breached binding contracts with him to ensure that he and his business would be able to provide INDOT with the needed proof of financial strength. Plaintiffs also allege that defendants Dennis Lyon and/or Daniel Lyon misrepresented their ability and authority to provide

legitimate surety bonds and ultimately provided sham sureties for what otherwise would have been winning bids in early 2005.

Defendants Dennis Lyon and Daniel Lyon have filed *pro se* motions to dismiss the claims against them for lack of personal jurisdiction. Both appear to be residents of New Mexico. Both assert in their motions that they do not reside in Indiana, do not maintain a business in Indiana, have not "spoken to plaintiffs nor made any representations to plaintiffs," and "made no assurances or representations to defendant Lee E. Spino or Assurance Agency, Ltd." The Lyons' motions do not include any affidavits as to any matters of fact. Plaintiffs have responded with legal arguments as to why the Lyons' alleged activities out-of-state caused foreseeable harm to them in Indiana. Plaintiffs also have not supported their position with any affidavits or other evidence.

When a defendant challenges personal jurisdiction but does not submit evidence, the plaintiff can defeat the motion by merely alleging a prima facie case of personal jurisdiction. See *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002); *Neiman v. Rudolf Wolff & Co.*, 619 F.2d 1189, 1190 (7th Cir. 1980). When there is no evidence submitted to the contrary, the court accepts well-pleaded allegations in the complaint as true. *Hyatt Int'l,* 302 F.3d at 713.

The allegations in the first amended complaint are sufficient, if taken as true, to support jurisdiction over Dennis Lyon and Daniel Lyon in this particular case ("specific jurisdiction") based on their alleged actions causing foreseeable harm to plaintiffs in Indiana. Plaintiffs allege that Dennis Lyon and/or Daniel Lyon made representations to plaintiffs in Indiana about their ability to provide valid and acceptable surety bonds and promised to provide such surety bonds. Plaintiffs further allege that they relied upon the Lyons' promises and fraudulent statements of fact, resulting in foreseeable damage to plaintiffs in Indiana.

A defendant's intentional and fraudulent contacts with the plaintiff in the forum state, causing foreseeable harm in the plaintiff's home state, can support specific jurisdiction over the defendant in the forum state. See *Anthem Insurance Cos. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1241 (Ind. 2000) (finding personal jurisdiction over out-of-state defendant alleged to have committed fraud in Indiana through telephone calls and letters to plaintiff in Indiana), superseded on other grounds by rule amendment, as stated in *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 966-67 (Ind. 2006).

Though a contract between an out-of-state party and a party in the state does not in itself establish the necessary minimum contacts between the defendant and the state, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" might indicate that it was foreseeable for a defendant to be haled into

court in that state. *Hyatt Int'l,* 302 F.3d at 716, quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 479 (1985). In this case, plaintiffs allege, the Lyons agreed to provide surety bonds to an Indiana company for the benefit of an Indiana government agency relating to contracts to be performed in Indiana. The Lyons' alleged contacts with Indiana were not fortuitous or attenuated; if they actually entered into such a contract, they could reasonably be expected to answer in an Indiana court in the event of a dispute. See *Burger King,* 471 U.S. at 476. Additionally, Indiana Trial Rule 4.4(A)(6) specifically states that Indiana courts have jurisdiction over a person or organization that contracts to act as a surety for any person, property, or risk located within Indiana. The Lyons themselves, under the names of Shonto Surety, Inc., Individual Surety, Ltd., and Global Construction Systems, allegedly wrote sureties or agreed to provide sureties for the plaintiffs. If they in fact acted as sureties for the plaintiffs' bids in Indiana, it was foreseeable that they would be subject to the jurisdiction of an Indiana court. There also is no indication that it would be contrary to notions of fair play and substantial justice to entertain these claims in Indiana.

The court recognizes that plaintiffs filed a second amended complaint on October 25, 2007. The court deems the Lyons' pending motions applicable to the second amended complaint. Plaintiffs may or may not ultimately be able to prove the facts needed to support personal jurisdiction over the Lyons, but they have alleged facts sufficient to do so. At this point, that is sufficient. On this sparse

record, therefore, defendants' motions to dismiss for lack of personal jurisdiction are denied.

To prevent potential confusion about when the Lyons or other defendants must respond to the second amended complaint, the court hereby ORDERS that all defendants answer or otherwise respond to the second amended complaint **no later than November 30, 2007**.

So ordered.

Date: November 5, 2007

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com

James L. Culp
KIGHTLINGER & GRAY
jculp@k-glaw.com

Robert David Eaglesfield III
PRICE WAICUKAUSKI & RILEY
deaglesfield@price-law.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com

DANIEL LYON
5300 Sequoia NW
Suite 104
Albuquerque, NM 87120

DENNIS LYON
5300 Sequoia NW
Suite 104
Albuquerque, NM 87120